JL

WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jacob James Purdue,<br><br>  Plaintiff,<br><br>v.<br><br>NaphCare, et al.,<br><br>  Defendants. | No.  CV-25-01430-PHX-JAT (DMF)<br><br>**ORDER** |

On April 29, 2025, pro se Plaintiff Jacob James Purdue, who is confined in a Maricopa County Jail and is proceeding in forma pauperis, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In a September 5, 2025 Order, the Court granted the dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On September 22, 2025, Plaintiff filed a First Amended Complaint. In an October 6, 2025 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On November 3, 2025, Plaintiff filed a Second Amended Complaint (Doc. 9). The Court will dismiss the Second Amended Complaint and this action.

. . . .

. . . .

## I. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

## II. Second Amended Complaint

In his single-count Second Amended Complaint, Plaintiff sues Arizona Department of Corrections, Rehabilitation and Reentry (ADCRR) Director Ryan Thornell and NaphCare. Plaintiff asserts a claim regarding his medical care. He seeks compensatory and punitive damages and injunctive relief.

Plaintiff alleges that in November 2023, while he was incarcerated at the Arizona State Prison Complex-Lewis, he began experiencing a severe cough, dizziness, vomiting, fainting, shortness of breath, loss of appetite, and headaches. Plaintiff asserts he submitted "repeated" health needs requests, which were unanswered, and he notified medical staff of his worsening condition, but his requests were ignored and/or delayed. Plaintiff contends Defendant NaphCare and ADCRR failed to follow established medical and institutional protocol, including but not limited to failing to schedule timely evaluations, "determine cause via labs or other means," document symptoms, provide treatment, and refer Plaintiff "to a higher level of care." Plaintiff claims that due to Defendants' inaction and failure to follow protocol, Plaintiff's condition significantly worsened, causing pain and suffering, severe rapid weight loss, and permanent breathing issues. Plaintiff alleges that Defendant NaphCare and ADCRR acted with deliberate disregard and indifference to his serious medical needs, demonstrating reckless disregard for his health, welfare, and safety.

## III. Failure to State a Claim

### A. Defendant Thornell

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). There is no respondeat superior liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious liability is inapplicable to . . . § 1983 suits,

a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Plaintiff has not alleged that Defendant Thornell personally participated in a deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to act, or formed policies that resulted in Plaintiff's injuries. Plaintiff makes no allegations at all against Thornell. Thus, the Court will dismiss Defendant Thornell.

### B. Defendant NaphCare

To state a claim under § 1983 against a private entity performing a traditional public function, such as providing medical care to prisoners, a plaintiff must allege facts to support that his constitutional rights were violated as a result of a policy, decision, or custom promulgated or endorsed by the private entity. *See Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138-39 (9th Cir. 2012); *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997) (per curiam). A plaintiff must allege the specific policy or custom and how it violated his constitutional rights. A private entity is not liable merely because it employs persons who allegedly violated a plaintiff's constitutional rights. *See Tsao*, 698 F.3d at 1139; *Buckner*, 116 F.3d at 452.

Plaintiff does not allege that any of the conduct described in the Second Amended Complaint was the result of a specific policy or custom of Defendant NaphCare. Rather, Plaintiff alleges that NaphCare "failed to follow established medical and institutional protocol." Thus, the Court will dismiss Defendant NaphCare.

### IV. Dismissal without Leave to Amend

Federal Rule of Civil Procedure 15(a) provides that leave to amend should be freely granted "when justice so requires." Fed. R. Civ. P. 15(a). "The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)).

. . . .

1    The Court notified Plaintiff of the deficiencies of the claims he raised in the original and First Amended Complaints. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (noting that a pro se plaintiff is generally entitled to notice of the deficiencies of his claims and an opportunity to amend). Plaintiff has had two opportunities to amend his claims and has failed to do so. The Court finds further leave to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)   The Second Amended Complaint (Doc. 9) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(2)   The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3)   The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 17th day of November, 2025.

James A. Teilborg
Senior United States District Judge